NATIONAL RISK UNDERWRITERS, INC., a Wisconsin Corporation, Plaintiff-Appellant,

v.

OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Insurance Corporation, Defendant-Appellee.

No. 90-2071.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1990.

Decided April 29, 1991.

Edward A. Dudek, Frisch Dudek, Ltd., Milwaukee, Wis., argued (Andrew J. Ellis, James S. Crockett, Jr., Mays & Valentine, Richmond, Va., on brief), for plaintiff-appellant.

Stephanie Hutchins Autry, Leboeuf, Lamb, Leiby & Macrae, Raleigh, N.C., argued (Peter M. Foley, Leboeuf, Lamb, Leiby & Macrae, Raleigh, N.C., on brief), for defendant-appellee.

Before RUSSELL and WILKINS, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

WILKINS, Circuit Judge:

National Risk Underwriters, Inc. ("NRU") contracted with Occidental Fire & Casualty Company of North Carolina ("Occidental") in 1980 to procure, underwrite, and service captive insurance programs on behalf of Occidental. When Occidental terminated the agreement in 1985, a dispute arose between the parties as to the amount of compensation Occidental owed NRU. NRU notified Occidental of its claim for compensation and punitive damages and, under the agreement, demanded binding arbitration. Occidental, in turn, demanded arbitration of claims against NRU arising out of alleged deficiencies in NRU's performance.

The parties chose a three-member panel of arbitrators. Following 21 days of hearings, the arbitrators awarded NRU a total of $1,191,497 on its claim against Occidental and awarded Occidental $600,000 on its claim against NRU. The arbitration award did not offset the awards to calculate a net award to NRU.

NRU petitioned the district court for confirmation of the award. Occidental sought to modify or vacate the award claiming that it was erroneous in various respects and that the arbitrators comprising the panel majority had engaged in misconduct by meeting to consider the award without all of the members of the panel present. Occidental sought to depose one of the arbitrators concerning the alleged misconduct. NRU opposed the deposition, and following a refusal by the district court to quash the notice of deposition, this court issued a writ of mandamus instructing the district court to quash the notice.

Thereafter, NRU again moved to confirm the award. This pleading requested prejudgment interest on its award and an award of attorneys' fees incurred in opposing Occidental's efforts to modify or vacate the award and depose the arbitrator. The district court confirmed the awards and, offsetting them, ordered that judgment be entered in favor of NRU for the net amount. The district court allowed NRU pre-judgment interest on the net amount of the award but denied NRU's request for attorneys' fees. NRU appeals these rulings.

I.

■ NRU argues that the district court erroneously modified the arbitration award by ordering that the awards be offset. NRU contends that the offset is equivalent to a modification because the arbitrators did not intend this. The arbitrators' intent, NRU claims, is evident because they entered the awards separately despite their awareness of collateral consequences that might result if the awards were offset.

Occidental concedes that if the district court action amounts to a modification of the award, the court was without authority to make it. Occidental maintains, however, that the offset does not constitute a modification because nothing in the award evinces that the arbitrators intended that the awards not be offset. Rather, it argues, the district court did not modify the awards but merely applied a common-law right of offset to the awards that it had properly confirmed.

The district court, citing *United States v. Munsey Trust Co.*, 332 U.S. 234, 241 n. 4, 67 S.Ct. 1599, 1603 n. 4, 91 L.Ed. 2022 (1947), concluded that a general rule exists under which offset is available where parties are mutual debtors. Since the arbitrators did not express a clear intent not to offset the awards, the district court ruled that the arbitrators must have intended

this general rule to apply. While an offset of arbitration awards might constitute a modification of the award in some circumstances, we find that the district court did not err in offsetting these awards.

## II.

■ NRU argues that, having determined that an award to NRU of pre-judgment interest was necessary to make NRU whole, the district court erred in awarding NRU pre-judgment interest on only the net amount of the award. It claims that the effect of the district court order is a de facto award of interest to Occidental to which Occidental is not entitled because of its dilatoriness in seeking to have the award confirmed and in opposing the confirmation of the award. We agree with the district court finding that the de facto award merely placed the parties in the same position they would have occupied had they both immediately complied with the award. *See* N.C.Gen.Stat. § 24–5(b) (1986).

## III.

■ NRU argues that the district court erred in denying its motion for attorneys' fees incurred in opposing Occidental's post-arbitration maneuvers because Occidental's challenges to the award were nothing more than post-award complaints lodged by the losing party. In *United Food & Commercial Workers, Local 400 v. Marvel Poultry Co.*, 876 F.2d 346, 351 (4th Cir.1989), this court enunciated the standards to be applied when evaluating the justifiability of a challenge to an arbitration award for the purposes of assessing attorneys' fees. Challenges to an arbitrator's power to act are "considered sufficiently 'justified' … unless there is literally no reasonably arguable legal support for them." *Id.* Because Occidental's attack on the award was based, at least in part, on alleged misconduct of the arbitrators which amounted to a challenge to the arbitrators' power to act, we cannot say that the district court

abused its discretion in denying NRU attorneys' fees. *Id.*

AFFIRMED.